Filed 10/20/22  In re J.R. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re J.R., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B319648 (Super. Ct. No. 21JV00065) (Santa Barbara County) |
| SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JENNIFER G.,<br><br>    Defendant and Appellant. | |

Jennifer G. (Mother) appeals an order of the juvenile court declaring that her minor child J.R. is adoptable and terminating her parental rights.  (Welf. & Inst. Code, § 366.26, subd. (c)(1).)[1]

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

We conclude that error in failing to make initial inquiries of extended family members pursuant to the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law was harmless in view of the recent augmentation of the appellate record to reflect the additional inquiries and responses thereto. (*In re Allison B.* (2022) 79 Cal.App.5th 214, 219.) We affirm.

This appeal concerns the single issue of the adequacy of initial inquiries regarding possible Indian ancestry of a dependent minor child. Following the filing of the notice of appeal, however, the Santa Barbara County Department of Social Services (DSS) made additional inquiries of extended family members and received negative responses thereto regarding Indian ancestry. We have augmented the record to include the DSS's inquiries and responses. (*In re Allison B.*, *supra*, 79 Cal.App.5th 214, 219.)

*FACTUAL AND PROCEDURAL HISTORY*

Mother and F.R. (Father) are parents to the minor child J.R. The child was a newborn when detained by DSS. On February 23, 2021, DSS filed a dependency petition and an amended dependency petition alleging that Mother and Father had longstanding substance abuse issues and significant criminal histories. At birth, J.R. had a positive test for amphetamine and cannabinoids which Mother admitted using during her pregnancy. (§ 300, subd. (b)(1).)

On February 24, 2021, the juvenile court held a detention hearing and inquired of Mother and Father whether either had Indian ancestry. Mother and Father personally replied that they did not. The court then made a finding that there was no reason to believe the child was an Indian child and that ICWA did not

apply. Mother later filed a Parental Notification of Indian Status form (ICWA-020) in which she did not assert any Indian ancestry. Following the detention hearing, the court ordered the child detained, gave care and custody of the child to DSS with parental visitation, and ordered the parents to submit to random drug testing. DSS placed the child in the care of the maternal grandmother and step-grandfather.

On March 30, 2021, DSS filed a jurisdiction and disposition report with the juvenile court. Among other things, the report noted that Mother and Father had been interviewed and neither indicated that they had been adopted. Following an uncontested hearing, the court sustained the allegations of the dependency petition and ordered Mother to participate in family reunification services. Mother's reunification services included counseling, parent education, and substance abuse treatment and testing. The court was then awaiting the outcome of Father's paternity test.

Mother and Father continued to abuse drugs and miss random drug testing. Father did not participate in his services plan. On October 26, 2021, the juvenile court terminated family reunification services and set the matter for a permanent plan hearing.

On March 14, 2022, Mother filed a modification petition pursuant to section 388. She declared that she participated in residential drug treatment, tested negative for illegal substances, participated in therapy, and attended Narcotics Anonymous meetings. Following an evidentiary hearing, the juvenile court found that there were changed circumstances but that a return of the child to Mother was not in the child's best interests. The court denied the modification petition.

3

On March 16, 2022, DSS filed an addendum to the permanent plan report, indicating that Father had filed an ICWA-020 form earlier suggesting that he may have Indian ancestry. Accordingly, DSS then interviewed Father who insisted that he did not have Indian ancestry and the form was filed in error by counsel.

On April 7, 2022, the juvenile court held a contested permanent plan hearing. Mother, but not Father, attended the hearing. Father's counsel stated that Father was not present to file an amended ICWA-020 form. The court responded that Father "has made [it] clear to [DSS] that it was an error, there is no ancestry. There's no reason to believe that [ICWA] applies to the child." Following an evidentiary hearing and argument, the court found J.R. likely to be adopted and it terminated parental rights.

*Motion to Augment Record*

On August 25, 2022, we granted DSS's unopposed motion to augment the appellate record to include an updated "ICWA MATRIX" for J.R. On August 3, 2022, DSS filed this document with the juvenile court following the section 366.26 proceedings and the filing of the notice of appeal. DSS also served a copy upon all interested parties, including Mother and Father. The document reveals that in early August 2022, a DSS social worker contacted the maternal grandmother, maternal aunt and uncle, adult sibling N.G., and the paternal grandmother. Each person stated there is no Indian ancestry in the family as far as he or she was aware.

Mother appeals and contends that the juvenile court erred by finding that ICWA was not applicable because DSS and the court did not fully comply with their initial duties of inquiry

4

regarding Indian ancestry.  (§§ 224.2, subd. (b), 224.)  Father is not a party to this appeal.

## DISCUSSION

Mother argues that insufficient evidence supports the juvenile court's ICWA finding because the court and DSS did not question extended family members concerning Indian ancestry. They assert that the matter must be conditionally reversed and remanded to ensure compliance with the initial inquiry requirements of ICWA and related California law.

We examine the juvenile court's ICWA findings for substantial evidence.  (*In re H.V.* (2022) 75 Cal.App.5th 433, 438.) Where the inquiry was deficient, we assess whether the juvenile court would have made the same ICWA finding had the inquiry been proper.

An "Indian child" is defined as an unmarried individual under 18 years of age who is either 1) a member of a federally recognized Indian tribe, or 2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe.  (25 U.S.C. § 1903(4) & (8); § 224.2, subd. (e)(1).)  The juvenile court and the county child welfare department have affirmative and continuing duties to inquire whether a child subject to dependency proceedings is or may be an Indian child.  (§ 224.2, subd. (a); Cal. Rules of Court, rules 5.481(a) & 5.668(c).)  The duties include asking the child, parents, extended family members, and others who have an interest in the child whether the child is or may be an Indian child.  (§ 224.2, subd. (b); *In re E.L.* (2022) 82 Cal.App.5th 597, 607.)

Here Mother completed the IWCA-020 form stating that she had no Indian ancestry as far as she knew, but neither DSS

nor the juvenile court queried members of the extended family. The question becomes whether the error is harmless. "When, however, postjudgment evidence is offered to an appellate court in support of a motion to dismiss a juvenile dependency appeal, it is 'routinely consider[ed]' because, if the motion is granted, it will have 'the beneficial consequence' of ' "expedit[ing] the proceedings and promot[ing] the finality of the juvenile court's orders and judgment." ' " (*In re Allison B.*, *supra*, 79 Cal.App.5th 214, 219.)

Augmentation of the record here permits us to "achieve now what the trial court would do on remand – find that ICWA does not apply." (*In re E.L.*, *supra*, 82 Cal.App.5th 597, 608.) The ICWA matrix reflects that DSS interviewed all extended maternal and paternal relatives with whom it made contact and they each denied Indian ancestry. Remand would unnecessarily delay the likelihood of adoption of J.R. and would achieve the same result we do here by the unopposed augmentation of the record.

### DISPOSITION

The order terminating parental rights is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

6

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rachel Van Mullem, County Counsel, and Lisa A. Rothstein, Senior Deputy, for Plaintiff and Respondent.